**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALIAKBAR ROSTAMNEJADCHARATI,

Petitioner,

v.

CALEB VITELLO, Warden at Imperial Regional Detention Facility, et al.,

Respondents.

Case No.: 26cv5473 DMS (JAC)

**ORDER DENYING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. This is Petitioner's second case to come before the Court. *See Rostamnejadcharati v. Casey*, Case No. 26cv1578 DMS (JAC). In the first case, the Court granted the Petition and ordered Respondents to provide Petitioner with a bond hearing. Respondents did so, and the immigration judge denied Petitioner's request for bond. Thereafter, Petitioner filed a motion to supplement, which the Court denied. Approximately one month later, Petitioner filed the present case.

In the present case, Petitioner alleges there is no substantial likelihood he will be removed to Iran in the reasonably foreseeable future, therefore his detention violates the

Administrative Procedure Act and his right to substantive due process.[1] Respondents argue Petitioner's removal order is not yet final, therefore his claims must be denied.

Although an immigration judge ordered Petitioner removed to Iran on April 28, 2026, Petitioner appealed that decision to the Board of Immigration Appeals on May 26, 2026. (Return to Pet., Ex. 2.) That appeal remains pending, and thus Petitioner's removal order is not yet final. *See* 8 U.S.C. § 1231(a)(1)(B)(ii). Under these circumstances, the claims asserted do not entitle Petitioner to the relief he seeks, namely, release. Accordingly, the Petition is denied. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: November 13, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[1] Petitioner also suggests he was "re-detained." (Pet. ¶ 64.) However, the record does not support that assertion. Rather, Petitioner alleges elsewhere he was detained upon entry into the United States and has remained in detention since that time. Accordingly, the Court does not address Petitioner's allegation concerning re-detention.